| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY | |
| In Re:<br><br>Leneto Runee Wright<br>      Debtor. | Case No.: 20-12415-ABA<br><br>Chapter: 13 |
| Leneto Runee Wright,<br>      Plaintiff<br>v.<br>Trystone Capital Assets, LLC,<br>      Defendant. | Adv. Proc. No. 20-1236-ABA<br><br>Judge: Andrew B. Altenburg, Jr.<br><br>Hearing Date: May 9, 2023 |

## MEMORANDUM DECISION

  The debtor seeks reconsideration of the court's opinion and order that held that the debtor was only entitled to avoid and recover the tax sale foreclosure to the extent of his exemption in the property pursuant to 11 U.S.C. § 522(h). Upon review of that decision and considering the additional arguments of counsel, the court finds that there is no basis to alter its prior decision; and the court will not compel the joinder of the chapter 13 trustee as an indispensable party; however, it will grant the debtor's alternative request for a stay pending appeal. Accordingly, the Motion for Reconsideration will be granted in part and denied in part. As for the Motion for Relief from Stay re: 344 Velde Avenue, Pennsauken, NJ in the debtor's main case (Doc. No. 57), as the creditor is adequately protected and the court is granting a stay pending appeal, that Motion will be held in abeyance until a final determination of an appeal.

## JURISDICTION AND VENUE

  This matter before the court is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(F) and (H), and the court has jurisdiction pursuant to 28 U.S.C. § 1334, 28 U.S.C. § 157(a), and the Standing Order of Reference issued by the United States District Court for the District of New Jersey on July 23, 1984, as amended on September 18, 2012, referring all bankruptcy cases to the bankruptcy court. The following constitutes the court's findings of fact and conclusions of law as required by Federal Rule of Bankruptcy Procedure 7052.

**PROCEDURAL BACKGROUND**

The debtor, Leneto Runee Wright, filed an adversary proceeding against Trystone Capital Assets, LLC, alleging preferential and fraudulent transfer counts in connection with the prepetition tax sale certificate foreclosure of his residence. Doc. No. 1. Both parties filed motions for summary judgment. Doc. Nos. 48, 49. The court issued an opinion and order granting Trystone's Motion for Summary Judgment to dismiss the preference count, but denied both motions on the fraudulent transfer count without prejudice for Mr. Wright to submit evidence consistent with the law outlined in the opinion. Doc. Nos. 55, 56; *In re Wright*, 20-12415-ABA, 2022 WL 10192004 (Bankr. D.N.J. Oct. 17, 2022) (the "October 2022 Opinion"). After that submission, at a status conference on the matter held on January 24, 2023, Trystone advised the court that it would stipulate that the transfer could be avoided under section 548(a)(1)(B) as a constructive fraudulent conveyance, but that the parties disagreed as to what Mr. Wright could recover. Audio of 1/24/23 hearing at 10:32 a.m. Trystone then stated:

> "[T]he only remaining issue to be decided is the 550 recovery issue, as limited by 522(h) and the *Majestic Star*, *Nealy*, [and] *Morawski* decisions. [Trystone]'s only willing to do this if we can just be at the end of the case and just brief this one issue, and have the court decide the recovery . . . ."

*Id.* The court then asked Mr. Wright's counsel if he agreed, and he stated that he did:

> The court: [D]o you accept the stipulations?
>
> Mr. Wright's counsel: "Yes, Your Honor, thank you."
>
> The court: "And agree that the only issue remaining is 550?"
>
> Mr. Wright's counsel: "Yes Your Honor."

*Id.* at 10:32–10:33 a.m.[1] The court, as noted by Mr. Wright, Doc. No. 67-2, p. 2, then asked the parties to submit a briefing schedule as to that issue.

The court then set a briefing schedule regarding what the debtor could recover. *See* January 25, 2023 Minute Entry. That schedule included, "With oral argument, if any, on 4/4/23 at 2:30. The court will advise the parties by March 31 if oral argument is necessary. If not advised, no oral argument."[2] *Id.* Both parties submitted memorandum of law, and Mr. Wright submitted a response. Doc Nos. 61, 62, 63. The court determined it did not need to hear oral argument as the issues were only legal, not factual. On March 29, 2023, the court issued an opinion granting Mr. Wright's Motion for Summary Judgment and denying Trystone's Motion for Summary Judgment on Count

---

[1] In light of this exchange, Mr. Wright's recitation of his understanding of what transpired at the status conference, Doc. No. 67-2, pp. 2–3, is, at best, misconstrued.

[2] Curiously, Mr. Wright in his latest submission to the court failed to highlight this minute entry as he did the court's previous January 24, 2023 minute entry. *Id.*, p. 2.

I of the complaint, and avoiding the tax sale certificate foreclosure as a fraudulent transfer. *In re Wright*, 20-1236-ABA, 2023 WL 2697847 (Bankr. D.N.J. Mar. 29, 2023); Doc. No. 64 (the "March 2023 Opinion"). It further awarded the debtor the amount of his exemption: $25,150. *Id.*; Doc. No. 65. Mr. Wright then filed a Motion for Reconsideration. Trystone filed opposition. Doc. No. 68. Oral argument was held May 9, 2023 ("May 9 Hearing"). The record is closed. The matter is now ripe for consideration.

## DISCUSSION

The debtor, Leneto Runee Wright, asks the court to reconsider its March 2023 Opinion to be in accord with the Third Circuit's decision in *Hackler v. Arianna Holdings, Co., LLC (In re Hackler)*, 938 F.3d 473 (3d Cir. 2019). Doc. No. 67-1. If the court does not amend the March 2023 Opinion, then Mr. Wright asks that the court stay the opinion and hold a hearing to establish a record for appeal. *Id.*[3] If the court declines this, then Mr. Wright asks that the court issue an order vacating the March 2023 Opinion, joining the chapter 13 trustee as a plaintiff, and proceeding to a decision regarding recovery under 11 U.S.C. § 550. *Id.* Failing reconsideration, Mr. Wright asks that the court stay its March 2023 Opinion pending appeal.

Mr. Wright brings his motion under Civil Rule 59, incorporated into adversary proceedings by Bankruptcy Rule 9023. Fed. R. Civ. P. 59; Fed. R. Bankr. P. 9023. Rule 59 permits a court to alter or amend a judgment "where the moving party shows that at least one of the following grounds is present: '(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [made its initial decision]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice.'" *In re Energy Future Holdings Corp.*, 904 F.3d 298, 311 (3d Cir. 2018) (quoting *United States ex rel. Schumann v. Astrazeneca Pharm. L.P.*, 769 F.3d 837, 848–89 (3d Cir. 2014) (quoting *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999))). As Mr. Wright did not present an intervening change in the controlling law[4] or proffer new evidence[5], he must be asking the court to correct a clear error of law or fact or to prevent manifest injustice.[6]

---

[3] At the May 9 Hearing, counsel stated that Mr. Wright wants a plenary hearing to submit evidence establishing the basis for derivative standing. However, only if the appellate court reverses the court's determination of the legal issue that a Chapter 13 debtor's recovery is limited to 11 U.S.C. § 522(h) and, therefore, may not assert the trustee's power derivatively, would the court need to proceed to the next step of determining whether the factual elements for derivative standing are met here. Therefore, the court will deny that request.

[4] Certainly, *Hackler*, 938 F.3d 473 (3d Cir. 2019) was available to Mr. Wright when he filed his responses. Doc. Nos. 61 and 63.

[5] The trustee had already "declined to pursue or participate in an action set aside or avoid the transfer of the Property in this case", Doc. No. 45, p.3., and counsel to Mr. Wright acknowledged that there is no Bankruptcy Code section that permits a chapter 13 trustee to confer its authority on a debtor. Audio of May 9 Hearing at 2:13-14 pm.

[6] To that end, counsel to Mr. Wright argued at the May 9 Hearing that the court is charged with presuming to know the law and with that, invites the court to consider what the Third Circuit was really thinking when it decided the certain case he relies on – even though that case did not discuss the standing issue which he relies. The court is not so presumptuous as to assume it knows what the Third Circuit subjectively thinks in considering its decisions and declines to take this "you ought to know" approach.

1.  **Standing to Avoid a Transfer/Derivative Standing**

The Bankruptcy Code sets forth several avenues to avoiding transfers: sections 544, 545, 547, 548, and 549 expressly name the trustee as the entity empowered to avoid transfers under those sections. 11 U.S.C. §§ 544(a), 545(a), 547(b), 548(a), 549(a) (collectively, the "Avoiding Powers"). Chapter 11 and 12 debtors-in-possession are authorized to exercise the rights and powers of a trustee, and therefore may exercise the Avoiding Powers. 11 U.S.C. §§ 1107(a), 1203. Section 522(h) provides that a debtor may avoid a transfer of property under sections 544, 545, 547, 548, and 549 if the transfer is avoidable by the trustee and the trustee does not attempt to avoid the transfer. 11 U.S.C. § 522(h). Since trustees and chapter 11 and 12 debtors already can assert avoiding powers "directly," section 522(h) is the means by which chapter 7 and 13 debtors can avoid transfers. The difference from what the court will then call "direct" standing is that section 522(h) limits the chapter 7 and 13 debtors to avoiding transfers of property "to the extent" of the debtor's exemption of that property. 11 U.S.C. § 522(h). *See In re Wright*, 2023 WL 2697847, at *2.

Mr. Wright now argues in his reconsideration motion that instead of addressing section 522(h)[7], he proceeded down another path—derivative standing—where he, as a chapter 13 debtor, asserted the trustee's "direct" avoiding power. He argues that the Third Circuit's decision in *Hackler* constitutes binding precedent that a chapter 13 debtor has standing to recover a home avoided as a preferential or fraudulent transfer pursuant to 11 U.S.C. § 550. Although he concedes that *Hackler* did not address derivative standing, Mr. Wright reasons that because courts must consider standing "as a threshold issue," *In re Combustion Eng'g, Inc.*, 391 F.3d 190, 214 (3d Cir. 2004) (citing *Bender v. Williamsport Area Sch. Dist.,* 475 U.S. 534, 546 n.8 (1986)), and the Hacklers had sought return of the property to pay the taxes back through a chapter 13 plan, that the Third Circuit must have determined that the Hacklers had derivative standing to achieve such relief. He argues, "Consequently, when the Third Circuit found that the debtor had the authority of the trustee to recover a home pursuant to section 550, it was an implicit and binding affirmation to all courts in the Third Circuit that any debtor can do the same." Doc. No. 67-2, p. 6.

Had the court held oral argument, Mr. Wright asserts that he would have pointed out the binding *Hackler* decision. He cites as additional support a Second Circuit decision that held that debtors have standing to recover a home fraudulently transferred by tax sale to pay the delinquent taxes through their chapter 13 plan, as proposed here by Mr. Wright. *Gunsalus v. Cnty. of Ontario*, 37 F.4th 859 (2d Cir. 2022).

The court disagrees with Mr. Wright's argument. First, Mr. Wright did not assert derivative standing in his complaint or related pleadings. *See* Doc. Nos. 61 and 63. He asserted sections 547 and 548 as though he had the same direct right to assert these causes of action as the trustee, but without alleging that he had asked the trustee to bring the action and she had declined.

Indeed, he did not raise derivative standing until seeking summary judgment, where he argued as follows:

---

[7] An issue he was aware of through the trustee's letter, Doc. No. 45, the discussion at the January 24 status conference, and Trystone's brief, Doc. No. 62.

Case 20-12415-ABA    Doc 59    Filed 05/18/23    Entered 05/18/23 14:29:22    Desc Main
Document    Page 5 of 17

> It is also noteworthy that when an avoidance of a transfer benefits the estate, as it does here by allowing for a full disbursement of all claims, the Court may also bestow upon a debtor derivative standing to pursue the avoidance. *See, e.g., Morawski v. Effect Lake, LLC (In re Morawski)*, Nos. 20-12079, 20-01125, 2022 Bankr. LEXIS 1026, at *6 (Bankr. D.N.J. Apr. 11, 2022).
>
> But here, pursuant to the letter Response filed by the Trustee, the Plaintiff has been expressly authorized to bring this action avoiding the transfer for the benefit of the bankruptcy estate.

Doc. No. 48-1, p. 7.

> But Trystone responded to this as follows:
>
> The prefatory language of § 548 states that "the trustee may avoid any transfer[.]" 11 U.S.C. §548(a)(1). It does not say that the debtor may step into the trustee's shoes for all intents and purposes to pursue an avoidance action. § 522(h) vests the debtor with the power to prosecute avoidance actions, but it contains a critical limitation. That statute reads:
>
>> The debtor may avoid a transfer of property of the debtor . . . to the extent that the debtor could have exempted such property under subsection (g)(1) of this section if the trustee had avoided such transfer, if [sic] . . ." [11 U.S.C. §522(h) . . .]
>
> The plain language of this statute does not permit a debtor to wholesale undo a transfer in its entirety. It only permits the debtor to avoid a transfer to the extent of the exemption.

Doc. No. 49-1, p. 12.

> Mr. Wright replied:
>
> Defendant attempts to limit the recoverable value of the transfer to the extent that Plaintiff could have exempted such property, pursuant to 11 U.S.C. 522(h). However, Plaintiff is not bringing this action pursuant to section 522(h), but rather 547 and 548 under a grant of authority from the Trustee.

Doc. No. 51, p. 4.

The court addressed these arguments in its October 2022 Opinion; thus the court did not "sua sponte" raise standing in its March 2023 Opinion, as Mr. Wright asserts. In that opinion, the court stated that "a debtor may bring an avoidance action instead of the trustee" pursuant to section 522(h). *In re Wright*, 2022 WL 10192004, at *7. It *rejected* Mr. Wright's contention that

he brought the action derivatively on consent of the trustee, holding that "Mr. Wright asserts that the trustee 'authorized' him to bring a section 548 fraudulent transfer action. This is incorrect. The trustee stated that she declined to bring the action and then expressly stated that Mr. Wright might be able to pursuant to section 522(h)." *Id.* at *8 n.3.[8]

In his memorandum of law on damages, submitted in anticipation of the March 2023 Opinion, Mr. Wright did not expressly raise derivative standing. However, he posited that:

> Upon a finding of a fraudulent transfer brought by a debtor, the court must first determine whether there is any benefit to the estate. If there is a benefit to the estate, section 550 of the code allows for recovery of the property transferred or the value of such property. 11 U.S.C. § 550. If there is no benefit to the estate, a debtor may still avoid the transfer or recover a setoff to the extent that he could have exempted such property under section 522. Therefore, it is first necessary to determine the benefit to the bankruptcy estate.

Doc. No. 61, p. 2.

This argument does not necessarily spring from derivative standing, as several courts in this district have stated that a chapter 13 debtor moving pursuant to section 522(h) can recover property "for the benefit of the estate." *See In re Morawski*, 20-12079, 2022 WL 1085739, at *2 (Bankr. D.N.J. Apr. 11, 2022) ("But the Debtor only has standing to avoid transfers to the extent of her homestead exemption and for the benefit of her creditors."); *In re Nealy*, 623 B.R. 278, 283 (Bankr. D.N.J. 2021) ("To wit, to the extent the Debtor seeks to recover the transferred property, she may only do so if it is for the benefit of the estate.") (internal quotation omitted).

Given this, the court did not err in not holding oral argument for Mr. Wright to present evidence regarding the trustee's supposed refusal to avoid the transfer prior to issuing the March 2023 Opinion. Moreover, this was a motion for summary judgment where the facts had been conceded—argument would only have been on the legal issues. And this court's local rules provide that "A party may not, without prior court authorization, present oral testimony at a hearing on a motion, except for a motion under § 363(b), (c), (f), or § 364 of the Code." D.N.J. LBR 9013-3(e). Thus, even had the hearing been held, Mr. Wright could not have put on witnesses. His counsel also acknowledged at the May 9 Hearing that the court was not legally required to conduct a hearing. His complaint now sounds as an *ex post facto* argument without any basis in the reality of the circumstances.

The court also rejects that the Third Circuit in *Hackler* implicitly determined that a chapter 13 debtor may bring an avoidance action derivatively. It acknowledges that the Third Circuit recited that the Hacklers proposed to pay the tax claim in full, and that the bankruptcy court had ruled for them, voiding the transfer and directing that the defendant return the property to them. *Hackler*, 476. But standing under sections 547 and 548 versus through section 522(h) was not

---

[8] The chapter 13 trustee's exact words, stated in a letter filed in the proceeding, were that she "declined to pursue an action" to avoid the transfer, but "should the court decide that . . . [she] would have the ability to void the transfer . . . the debtor would have standing to pursue such an action in place of the trustee under 11 U.S.C. § 522(h)." Doc. No. 45, p. 3.

addressed by the bankruptcy court. It neither cited section 522(h) nor stated that the Hacklers brought the action derivatively. *In re Hackler*, 571 B.R. 662, 663 (Bankr. D.N.J. 2017), *aff'd,* 588 B.R. 394 (D.N.J. 2018), *aff'd sub nom*, *In re Hackler & Stelzle-Hackler*, 938 F.3d 473 (3d Cir. 2019). Thus, it could assume standing on either of these grounds, or that the debtors could bring the action directly, while believing that the debtors could yet recover their property for the benefit of the estate.

Admittedly, the district court in *In re Ryker*, 301 B.R. 156 (D.N.J. 2003), remanded to the bankruptcy court to determine whether the chapter 13 debtor had standing to exercise the trustee's avoiding powers. The bankruptcy court then determined that chapter 13 debtors only have standing to avoid transfers to the extent of their exemptions in the property. *In re Ryker*, 315 B.R. 664, 673 (Bankr. D.N.J. 2004).

Moreover, the issue before the Third Circuit (and the district court and the bankruptcy court, *see In re Hackler*, 588 B.R. 394 (D.N.J. 2018); *In re Hackler*, 571 B.R. 662 (Bankr. D.N.J. 2017)) was whether the debtors could avoid the transfer, *not what they could recover*. The court considered whether the Supreme Court's holding in *BFP v. Resolution Trust Corp.*, 511 U.S. 531 (1994), prevented avoidance of a tax certificate foreclosure and whether avoidance violated the Tax Injunction Act, *Hackler*, 938 F.3d at 475, *not whether the debtors could assert a preference directly or derivatively*. What is more, section 522(h) allows a debtor to avoid a transfer if "such transfer is avoidable by the trustee." 11 U.S.C. § 522(h)(1). So, as invited to do so by Mr. Wright, the court can presume that the Third Circuit could have assumed standing *to avoid* the transfer while at the same time, it did not need to concern itself with what the debtor could recover. Nevertheless, had the debtors proceeded through section 522(h), the result in the Third Circuit would have been the same because it was concerned solely with whether the debtors could avoid the transfer, not with what they could recover.

In addition, while courts have a duty to determine whether the parties before them have standing, even when "lack of standing was not noticed by either party," *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 546 (1986), on appeal, appellate courts look to whether the *appellant* has standing. "Standing to appeal in a bankruptcy case is limited to 'persons aggrieved' by an order of the bankruptcy court. *In re Combustion Eng'g, Inc.*, 391 F.3d 190, 214 (3d Cir. 2004), *as amended* (Feb. 23, 2005) (citing *General Motors Acceptance Corp. v. Dykes (In re Dykes),* 10 F.3d 184, 187 (3d Cir. 1993)). Thus, the Third Circuit would be concerned with whether Arianna Holdings Company, the appellant in *Hackler*, had standing to appeal, not necessarily whether the Hacklers had standing to avoid a transfer directly. Thus Mr. Wright's assertion that the Third Circuit implicitly determined that chapter 13 debtors can assert the trustee's avoiding powers derivatively is unpersuasive.

Mr. Wright also cites *Morawski v. Effect Lake, LLC (In re Morawski)*, Nos. 20-12079, 20-01125, 2022 Bankr. LEXIS 1026, at *6-7 (Bankr. D.N.J. Apr. 11, 2022), as supporting derivative standing. There, the bankruptcy court entered a consent order conferring derivative standing on a chapter 13 debtor to pursue a fraudulent transfer action, citing *Official Comm. of Unsecured Creditors of Cybergenics Corp. ex rel. Cybergenics Corp. v. Chinery*, 330 F.3d 548 (3d Cir. 2003) (*en banc*), for authority. While acknowledging that the Third Circuit had declined opportunities to decide the issue of derivative standing to a chapter 13 debtor, the *Morawski* court stated:

>   Regardless, the court finds the reasoning in *Cybergenics* both applicable and persuasive. In *Cybergenics*, the court found that the trustee's avoiding powers were intended to augment the estate, maximizing the recovery of creditors. But, in *Cybergenics*, the debtor-in-possession refused to bring a § 548 action that would benefit the estate. The court found '[i]t is in precisely this situation that bankruptcy courts' equitable powers are most valuable, for the courts are able to craft flexible remedies that, while not expressly authorized by the Code, effect the result the Code was designed to obtain.' This reasoning supports conferring derivative standing on a Chapter 13 debtor to bring an avoidance action for the benefit of creditors."

*In re Morawski*, 2022 Bankr. LEXIS 1026, at *3 n. 15. While at first glance this language seems compelling, as set forth further below, the court cannot reach the same conclusion.

Mr. Wright cites to *In re Bear Communs., LLC*, No. 21-10495-11, 2021 Bankr. LEXIS 2888 (Bankr. D. Kan. Oct. 19, 2021), as "expressly not[ing] a belief that 'the Tenth Circuit would join with other circuits in recognizing derivative standing suits in limited circumstances where the trustee or debtor-in-possession has unjustifiably refused to pursue the proposed claims.'" Doc. No. 67-2, p. 7 (citing *Bear* at *18 n. 9). The movant in that case, however, was also a creditors committee.

Mr. Wright is, of course, neither a creditor nor a chapter 11 creditors committee. *See In re Cooper*, 405 B.R. 801, 812 (Bankr. N.D. Tex. 2009) (distinguishing derivative standing for creditors in chapter 7 where, unlike in chapter 11, "there is always a trustee in place. . . . There is not the risk of the proverbial fox guarding the henhouse."); *but see In re Pursuit Capital Mgmt., LLC*, 595 B.R. 631 (Bankr. D. Del. 2018) (extending *Cybergenics* to chapter 7 claims purchasers).

Moreover, the court respectfully disagrees with the holding in *Morawski*. *Cybergenics* was a chapter 11 case. It sought to distinguish the Supreme Court's decision in *Hartford Underwriters Ins. Co. v. Union Planters Bank, N.A.*, 530 U.S. 1, 6 (2000), which held that when a statute says that only the trustee may do something, then only the trustee may do so. *Hartford Underwriters Ins. Co.*, 530 U.S. at 6. The Third Circuit looked to the history of courts of equity granting derivative standing to hold that conferring derivative avoidance powers *on a creditors committee* was a "straightforward application of bankruptcy courts' equitable powers." *Cybergenics*, 568. The circuit court was influenced by a creditors committee's power under section 1103 to "perform such other services as are in the interest of those represented," 11 U.S.C. § 1103(c)(5), and section 503's provision for an administrative expense claim to "a creditor that recovers, after the court's approval, for the benefit of the estate any property transferred or concealed by the debtor[.]" 11 U.S.C. § 503(b)(1)(B). *See In re Ryker*, 315 B.R. 664, 671 (Bankr. D.N.J. 2004) (rejecting *Cybergenics* as a basis to extend standing to a chapter 13 debtor, noting that *Cybergenics* "*found that other Code sections supported the concept of standing for creditors acting on behalf of the estate*" while "*the specific limitations placed on a Chapter 13 debtor's authority to act strongly suggests that Congress did not envision a greater role for Chapter 13 debtors than granted by the plain statutory language*.")(emphasis added); *In re Hannah*, 316 B.R. 57, 61 (Bankr. D.N.J. 2004) (discussing *Cybergenics* but stating that "the stark contrast between the language similarly employed in §§ 1107 and 1203 and absent from § 1303 is too fundamental to ignore"). In short, in a chapter 13 case, unlike other chapters, no other Code sections support the concept of standing

for a debtor with regard to avoiding powers except section 522(h) which ultimately limits the amount of recovery.

In addition, the Third Circuit previously rejected conferring standing on a chapter 13 debtor, concerning a different avoiding power, in *Knapper v. Bankers Tr. Co. (In re Knapper)*, 407 F.3d 573 (3d Cir. 2005):

> In any event, Knapper cannot use § 544(b)(1) to void the default judgments and sheriffs' sales. As the Historical and Statutory Notes to § 544 make clear, subsection (b) "gives the *trustee* the rights of actual unsecured creditors under applicable state law to void transfers." (emphasis added). "Section 544(b)(1) subrogates the *trustee* to the position of an unsecured creditor under state law to avoid a transfer of property by the debtor." (emphasis added). Steven Walt, *Generosity in Bankruptcy: The New Place of Charitable Contributions in Fraudulent Conveyance Law,* 32 Loy. L.A.L. Rev. 1029, 1032 (1999). Knapper is not the trustee, she is the debtor. . . . Section 544(b)(1) plainly gives the trustee the power to avoid certain transfers, however, [the chapter 13 debtor] has offered no authority to establish that it also confers that right upon the debtor under the circumstances here.

*Id.*, 583 (citing *Hartford*). A district court within the Third Circuit understood this distinction: Discussing *Knapper*, the court in *In Iannini*, BKY 09-22081, 2010 WL 2104244 (W.D. Pa. May 24, 2010), stated "Since [the chapter 13 debtor] Iannini is not a trustee, any adversary claim raised under § 544 or § 548 is not a proper claim on the face of those Bankruptcy Code sections, unless she has standing pursuant to § 522(h) of the Bankruptcy Code to bring claims under § 544 or § 548." *Id.*, at *9. Hence, in light of this plain language, the court is not inclined to accept the concept that the Third Circuit presumes derivative standing for a chapter 13 debtor.

Next, even if there is an equitable argument for derivative standing in general that does not clash with *Hartford* and *Knapper*, *Cybergenics* held that this standing is appropriate only when a trustee or debtor "unjustifiably refuses" to bring suit. *Official Comm. of Unsecured Creditors of Cybergenics Corp. ex rel. Cybergenics Corp. v. Chinery*, 330 F.3d 548, 566 (3d Cir. 2003) (citing *Term Loan Holder Comm. v. Ozer Group, L.L.C. (In re Caldor Corp.),* 303 F.3d 161, 166 (2d Cir. 2002) and *Fogel v. Zell,* 221 F.3d 955, 966 (7th Cir. 2000)). But again, section 522(h) expressly applies when "the trustee does not attempt to avoid such transfer." 11 U.S.C. § 522(h)(2). For this court, in the name of equity, to allow chapter 13 debtors to do directly what Congress limited them to *in exactly the same circumstance* makes no sense. *See In re Hannah*, 316 B.R. 57, 61 (Bankr. D.N.J. 2004) (in discussing section 522(h), stating "Such limited authority supports the conclusion that Congress did not intend to confer full avoidance powers upon the Chapter 13 debtor.").

Mr. Wright's citation of *In re Merritt*, 711 F. App'x 83 (3d Cir. 2017), for what he would need to establish to be granted derivative standing does not help him. *Merritt* looked to *In re Weyandt*, 544 F. App'x 107 (3d Cir. 2013), which referred to *Cybergenics'* holding that "when a trustee fails to comply with his or her fiduciary duties, the bankruptcy court is empowered under the Bankruptcy Code to use its equitable powers to confer derivative standing on another party." *In re Weyandt*, 544 F. App'x at 110 (citing *Cybergenics*, 330 F.3d at 572). It continued to explain that:

> Weyandt faces two hurdles in her attempt to assert derivative standing under *Cybergenics*. First, she must explain why the Chapter 11 derivative standing found in *Cybergenics* should be extended to the Chapter 13 context. Second, she must show that derivative standing is appropriate here because the Trustee failed to carry out her Trustee duties in declining to initiate an avoidance action directly. . . . Otherwise there would be no reason for the Bankruptcy Court to subvert the Bankruptcy Code's usual scheme and grant Weyandt derivative standing to exercise powers normally granted exclusively to the Trustee.

*Id*. Wright bypasses the *Weyandt* court's first requirement, that he "explain why the Chapter 11 derivative standing found in *Cybergenics* should be extended to the Chapter 13 context." Only by establishing the legal right to derivative standing could he proceed to argue why derivative standing would be appropriate in this case. The court stands by its decision that it cannot confer derivative standing on chapter 13 debtors to avoid transfers directly.

### 2. Recovery

Mr. Wright complains that the court held "that section 550 does not apply notwithstanding its directive to brief damages under section 550." Doc. No. 67-2, p. 4.

The March 2023 Opinion did not hold that section 550 did not apply. The court related that a debtor avoiding a transfer under section 522(h) "may recover in the manner prescribed by, and subject to the limitations of, section 550 of this title, the same as if the trustee had avoided such transfer" and "may exempt any property so recovered under subsection (b) of this section." *In re Wright*, 20-1236-ABA, 2023 WL 2697847, at *4 (Bankr. D.N.J. Mar. 29, 2023) (citing 11 U.S.C. § 522(i)(1)). It then explained that section 550(a) limits recovery "to the extent that a transfer is avoided." *Id.* "That means only to the extent of the debtor's exemption. It is axiomatic that one can only recover what one has avoided." *Id.*

However, some courts within this circuit have held that a chapter 13 debtor is not so limited, and may recover transferred property "for the benefit of the estate," i.e., to the extent of unsecured creditors in the case. *In re Nealy*, 623 B.R. 278, 283 (Bankr. D.N.J. 2021) (quoting *In re Majestic Star Casino, LLC*, 716 F.3d 736, 761 (3d Cir. 2013) (quoting *In re Messina,* 687 F.3d 74, 82–83 (3d Cir. 2012) (citing 11 U.S.C. § 550(a)))); s*ee In re Morawski*, 20-12079, 2022 WL 1085739, at *2 n. 13 (Bankr. D.N.J. Apr. 11, 2022) (following *Nealy*). They do so considering that section 522(i) allows the debtor to recover "in the manner prescribed by, and subject to the limitations of, section 550 of this title, the same as if the trustee had avoided such transfer," 11 U.S.C. § 522(i)(1), and then that section 550(a) states that "the trustee may recover, for the benefit of the estate, the property transferred, or, if the court so orders, the value of such property. . . .", 11 U.S.C. § 550(a). Thus, the briefing of the issue was not in vain. The court just determined that "in the manner prescribed" did not mean "in the same amount" but "that, like a trustee, the debtor can recover from the initial transferee or any immediate or mediate transferee of such initial transferee." *In re Wright*, 20-1236-ABA, 2023 WL 2697847, at *4 (Bankr. D.N.J. Mar. 29, 2023) (citing section 550(a)(1), (2) and legislative history to section 522(i)). In addition, "'Subject to the limitations of, section 550 of this title' refers to the prohibition on recovering from a good faith transferee taking

for value, or any immediate or mediate transferee of such initial transferee." *In re Wright*, 2023 WL 2697847, at *4.

The court respectfully rejects the reasoning of *Nealy* and *Morawski* because, even though they concerned chapter 13 debtors with standing under section 522(h), the Third Circuit authority they relied upon to include recovery "for the benefit of the estate" involved a chapter 11 debtor (*Majestic*) and a chapter 7 trustee (*Messina*) as movants. Both chapter 11 debtors and chapter 7 trustees can assert avoiding powers directly, without the limitation to avoiding transfers to the extent of exemptions that a chapter 7 or 13 debtor faces under section 522(h). Neither decision recognized this distinction.

As stated above, Mr. Wright proffers *Gunsalus v. Cnty. of Ontario, New York*, 37 F.4th 859 (2d Cir. 2022), *cert. denied,* 214 L. Ed. 2d 254 (Nov. 21, 2022), in support of his position, stating that the "debtors had standing to recover a home fraudulently transferred by way of a tax sale to pay back the delinquent taxes in their chapter 13 plan, exactly as proposed here." Doc. No. 67-2, p. 7. But *Gunsalus* only considered that section 522(c)(2)(B), which provides that exempted property is not exempt from tax liens, did not deprive the debtors of standing under section 522(h) to avoid a tax foreclosure. *Id.*, 863. Its statement that the debtors had proposed to pay the delinquent taxes through their plan was in response to the County's concern that allowing avoidance would "hamper its ability to collect delinquent real property taxes." *Id.* 866. The issue of recovery under section 550(a) was not before the court. Thus, aside from the fact that a Second Circuit Court of Appeals decision is not binding on this court, it views the *Gunsalus* comment as dictum.

### 3. Joinder of the Trustee

Mr. Wright asks that, should the court decline to alter or amend its March 2023 Opinion, that it should vacate the opinion to then join the trustee as an additional plaintiff to consider damages under section 550(a). In other words, rather than allow derivative standing, he wants the court to force the trustee to bring the action so that she can recover for the benefit of the estate. Although Mr. Wright asks for this relief last, it is more appropriate for the court to address it before addressing a stay pending appeal.

Mr. Wright cited *In re Wood*, 301 B.R. 558 (Bankr. W.D. Mo. 2003), as supporting this relief. The debtor there filed a complaint seeking to avoid a transfer as preferential, which, like here, the defendants admitted but asserted that the debtor could only avoid their lien to the extent of her exemptions. The *Wood* court agreed that chapter 13 debtors only have standing to assert avoiding actions through section 522(h). *Id.* at 562. However, recognizing that chapter 13 trustees seldom bring avoidance actions, citing Civil Rule 19 the court held that the trustee was an "indispensable party" to the proceeding "because he is the only person with standing to bring the action and full relief cannot be accorded the creditors of the estate without his joinder." *Id.* at 562.

Civil Rule 19 provides that "A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if: (A) in that person's absence, the court cannot accord complete relief among existing parties[.]" Fed. R. Civ. P. 19(a)(1)(A), incorporated in bankruptcy proceedings by Fed. R. Bankr. P. 7019. "If a person has not been joined as required, the court must order that the person be made a party. A

person who refuses to join as a plaintiff may be made either a defendant or, in a proper case, an involuntary plaintiff." Fed. R. Civ. P. 19(a)(2).[9]

The court will first address Trystone's objections to this relief. Trystone argues that joinder is untimely because it would require amendment of the complaint after summary judgment in violation of Rule 15. Doc. No. 68, p. 6 (citing Fed. R. Civ. P. 15, incorporated into adversary proceedings by Fed. R. Bankr. P. 7015). However, Trystone provides no support for this proposition, and the fact that Rule 15(b) allows pleadings to be amended *during and after trial* suggests there is no such support.

Trystone also argues that the assertion of any new claim or cause of action would be barred by the 2-year statute of limitations in 11 U.S.C. § 548(a)(1). Subsection (a)(1) provides for avoidance of a transfer "made or incurred on or within 2 years before the date of the filing of the petition[.]" 11 U.S.C. § 548(a)(1). This is not a statute of limitations; rather the two-year limit is part of the cause of action, one that Mr. Wright successfully asserted through section 522(h).

If Trystone meant to cite section 546(a)(1), that section provides that an avoidance action "may not be commenced after the earlier of (1) the later of (A) 2 years after the entry of the order for relief; or (B) 1 year after the appointment or election of the first trustee . . . if such appointment or such election occurs before the expiration of [two years]; or (2) the time the case is closed or dismissed." 11 U.S.C. § 546(a). Since the chapter 13 trustee is appointed at the commencement of a case, any avoidance action had to be commenced before two years after the petition date. However, Mr. Wright is not suggesting that the trustee commence an avoidance action, but be joined to the one he timely commenced.

Last, Trystone asserted that joinder "at this late date" would be "burdensome and prejudicial" to it, requiring "likely additional costs associated with an amendment. . . ." Doc. No. 68, p. 8. It continued that "the administrative burden on the Trustee, as well as her unfamiliarity with the Debtor's assets and debts, militates against the Trustee being forced to join the case as a plaintiff." Doc. No. 68, p. 8. Regarding the burdensomeness and prejudice, Trystone failed to explain how joinder would be burdensome and prejudicial to it. Regarding the trustee, she of course has a duty to investigate the financial affairs of the debtor and examine proofs of claim. 11 U.S.C. § 1302(b)(1), incorporating 11 U.S.C. § 704(a)(4), (5). Thus, she should not be unfamiliar with the debtor's assets and debts.

That said, the court declines joining the trustee for other reasons.

The *Woods* decision cited by Mr. Wright characterized the chapter 13 trustee as an indispensable party for purposes of Rule 19. "Indispensable refers to those absentees who must be joined in the pending case if it is to go on; if joinder of an indispensable party is not feasible, the

---

[9] The court assumes that the *Wood* court resorted to this rule because the trustee did not voluntarily join the action. *See* Fed. R. Civ. P. 20, incorporated in bankruptcy proceedings by Fed. R. Bankr. P. 7020 (permissive joinder of parties); *In re Cole*, 563 B.R. 526, 531 (Bankr. W.D.N.C. 2017) (noting that there was no indication that the *Wood* trustee resisted being joined as a plaintiff).

action must be dismissed." *4 Moore's Federal Practice – Civil,* § 19.02 (Matthew Bender 2023). *Moore's* continues that compulsory joinder

> does not require that the absentee possess an interest in the subject of the litigation or that nonjoinder result in harm either to the absentee or to an extant party. Rather, this provision is grounded in society's interest in the comprehensive resolution of disputes and avoidance of duplicative litigation. Forcing inclusive joinder in this situation is aimed at ensuring that courts do not enter partial or "hollow" judgments—judgments that do not effectively resolve the parties' entire controversy.

*4 Moore's Federal Practice – Civil,* § 19.03 (Matthew Bender 2023).

> For example, this is indicated

> when an absent person has a claimed or apparent interest in the same relief sought by the plaintiffs, such that the court would be unable to fashion an effective decree as a result of the absence. For unless the absent party's right to the relief sought by the plaintiffs was also adjudicated, no judgment of the court could divest the person not before the court of the right to have the same claim decided as to him, and the defendant might be faced with judgments that could not both be complied with.

*Field v. Volkswagenwerk AG*, 626 F.2d 293, 301 (3d Cir. 1980). *Cf. Geltzer v. Bedke (In re Mundo Latino Mkt.)*, 590 B.R. 610, 620 (Bankr. S.D.N.Y. 2018) (where liability was joint and several, plaintiff could proceed against one or more directors without joining them all). But "[i]f the court can fashion a remedy that provides complete relief and requires only the cooperation of the parties in the case before it, then the absent party is not required to be joined under Rule 19." *United States v. Bensalem Twp.*, 220 F. Supp. 3d 615, 620 (E.D. Pa. 2016).

The court finds several problems with this workaround of section 522(h). As in *Field*, here the relief sought to be imposed in favor of the absentee trustee is not the "same," but is "separate and distinct" from the Trystone's obligations to other parties—recovery to the estate of the property or its value minus the debtor's exemption, versus just the exemption to Mr. Wright. That is, Mr. Wright's exemption is separate from the property that the trustee would recover. Indeed, if the trustee had brought an avoidance action, section 522(g) provides that Mr. Wright could receive his exemption. 11 U.S.C. § 522(g). Admittedly, if the trustee recovered property, that would benefit Mr. Wright as then that value would be paid to his unsecured creditors rather than have been otherwise paid by him. But the trustee's direct exercise of her avoiding powers and the recovery of property is separate and distinct from a chapter 13 debtor's indirect exercise of avoiding powers as to their exemption only. *See Bensalem Twp.*, 220 F. Supp. 3d at 620 (holding that cooperation of zoning board not required to enforce Religious Land Use and Institutionalized Persons Act of 2000 against township). In addition, there is no fear of duplicative litigation, as a chapter 13 debtor can only avoid a transfer under section 522(h) if "the trustee does not attempt to avoid such transfer." 11 U.S.C. § 522(h)(2). A trustee therefore might not be allowed to later bring an avoidance action, or, if they can, issue preclusion might relieve the court from re-deciding

whether the transfer could be avoided, leaving it only to determine the trustee's recovery under section 550. Thus, there is no problem of duplicative litigation.

Continuing under section 522(h) does not impair or impede the rights of a chapter 13 trustee to avoid a transfer under any of the Chapter 5 avoiding powers to recover the property or its value for the benefit of the estate. *But see Bank of N.Y. v. Sheeley (In re Sheeley)*, Nos. 08-32316, 11-3028, 2012 Bankr. LEXIS 1374, at *40 (Bankr. S.D. Ohio Apr. 2, 2012) (holding that property of the estate is vested with the trustee as the representative of the estate, thus the trustee's presence in the proceeding is required so that complete relief can be accorded). As just explained, the bankruptcy estate would receive the property or its value minus the debtor's exemption if the trustee avoids the transfer directly, while the debtor through section 522(h) only receives their exemption. Regardless of who avoids the transfer, the debtor does not receive more than their exemption.

The court believes no further relief can be granted to a chapter 13 debtor bringing an avoidance action outside of section 522 because a chapter 13 debtor has no right to bring that action, directly or derivatively. Therefore, it was not that in the trustee's absence the *Wood* court could not accord "complete relief" to the creditors of the estate (who were not even the plaintiffs), but that the court could not accord the relief requested at all because the debtor had no standing to recover in excess of his exemption. Mr. Wright is receiving all of the relief he is entitled to in the award of his exemption. Except as under section 522(k), not applicable here, nobody but Mr. Wright is entitled to his exempted funds. Accordingly, the trustee is not an indispensable party. Thus, the court respectfully disagrees with *Wood*.

The court also agrees with the reasoning set forth in *Cole*, also involving a request to join a trustee to overcome the limit of section 522(h):

> More to the point, allowing the Plaintiffs to use Rule 19 as a post hoc mechanism to gain standing when they have none would be repugnant to foundational principles of federal jurisdiction, especially since the standing inquiry is made at the commencement of an action. . . . Indeed, courts have declined to allow an existing plaintiff to join an involuntary plaintiff when the existing plaintiff did not have standing to commence the action. . . . Assuming, arguendo, that the text of Rule 19 was satisfied, the court concludes it would still be improper to join the Trustee as an involuntary plaintiff because it appears he would only be joined so the Plaintiffs can bridge their standing gap.

*In re Cole*, 563 B.R. 526, 530–31 (Bankr. W.D.N.C. 2017) (internal citations omitted).

Moreover, other courts considering Rule 19 in this context have decided that it is not applicable because of Rule 19(a)(2).

> Rule 19(a)(2) states that if a person "refuses to join as a plaintiff that person may be made ... in a proper case, an involuntary plaintiff." An "involuntary plaintiff" is "a party who is obligated to assist in prosecuting an action or to permit its name to be used but refuses to do so and who is thereafter joined, without service, and bound

by any judgment the Court may enter as to it." *International Rediscount Corp. v. Hartford Acc. & Indemn. Co.,* 425 F. Supp. 669, 674 (D. Del. 1977); *see also Independent Wireless Telegraph Co. v. Radio Corp. of Am.,* 269 U.S. 459, 46 S. Ct. 166, 70 L. Ed. 357 (1927) (cited in Advisory Committee Note, Fed. R. Civ. P. 19).

Rule 19 limits the use of the involuntary plaintiff procedure to a "proper case." Under the case law, a "proper case" requires:

> 1. an absentee party that "has an obligation to permit its name and title to be used to protect the rights asserted in the action";
>
> 2. that the absentee party is beyond the jurisdiction of the court; and
>
> 3. that the absentee party has been asked to join the suit but has refused to do so voluntarily.

*International Rediscount Corp.,* 425 F. Supp. at 674; *see also South Dakota ex rel. South Dakota R.R. Auth. v. Burlington N. & Santa Fe Ry. Co.,* 280 F.Supp.2d 919, 935 (D.S.D. 2003); *Dublin Water Co. v. Delaware River Basin Comm'n,* 443 F. Supp. 310, 315 (E.D. Pa. 1977); *In re Interstate Motor Freight Sys. IMFS, Inc.,* 71 B.R. 741, 746 (Bankr. W.D. Mich. 1987); 7 Wright & Miller § 1606.

*In re Funches*, 381 B.R. 471, 488 (Bankr. E.D. Pa. 2008).

The *Funches* court granted the creditor's Motion to Dismiss, finding that the trustee there had not refused to join the adversary as they were never asked to join; that it was not beyond its jurisdiction; and that it had no duty to permit the debtor to prosecute the avoidance action in the trustee's name. *Id.*, 488–89.

Here, it is not clear whether the trustee was asked and refused to join or volunteered that she would not join (*see* Doc. No. 45, trustee stating that she "declined to pursue or participate in an action set aside or avoid the transfer of the Property in this case."). However, even had she refused as suggested at the May 9 Hearing, the court's observation that the requirement of section 522(h)(2) that the trustee does not attempt to avoid the transfer governs this situation rather than Rule 19. Certainly, the trustee is not beyond this court's jurisdiction.[10] Regarding a duty to permit the debtor to prosecute in her name, neither example provided by the *Funches* court—"(1) where an owner grants an exclusive license to a licensee and permits the licensee to sue in his name, or (2) where an obligation arises by contract among co-owners," *id.* at 489 (internal quotation omitted)—exists here, either. *See In re Cole*, 563 B.R. at 530 ("Here, the Trustee has refused to join in the action, but he has no obligation to let the Plaintiffs use his name or title and he is within the court's jurisdiction. Accordingly, the instant case is not the 'proper case' to mandate that the

---

[10] This appears to be for the purpose of serving process. "Generally, if a party refuses to join as a plaintiff, the proper procedure is to serve the complaint on that party as a defendant and then seek realignment." *Carter v. Cargill, Inc.*, 8:08CV27, 2008 WL 11343460, at *2 (D. Neb. Aug. 7, 2008) (quoting *Mombourquette v. Amundson*, 2006 WL 3761341 at *2, Case No. 05–C–748–C (W.D. Wis., Dec. 20, 2006)) (considering Rule 19 joinder).

Trustee be added as an involuntary plaintiff under Rule 19."). Certainly, no other Bankruptcy Code section mandates it. Audio of May 9 Hearing at 2:13-14 pm. Again, section 522(h) already allows the debtor to avoid a transfer when the trustee does not, without mandating that the trustee be made a party to the action. Accordingly, the court will deny this alternative relief sought by Mr. Wright.

### 4. Stay Pending Appeal

Failing reconsideration, Mr. Wright asks that the court stay its March 2023 Opinion pending appeal. Counsel to Mr. Wright has affirmatively represented that he is going to appeal the court's decisions if not victorious. The stay of the March 2023 Opinion expired 14 days after its entry. *See* Fed. R. Bankr. P. 7062. This judgment also will be stayed for 14 days, within which time Mr. Wright would need to file his notice of appeal. Fed. R. Bankr. P. 7062, 8002(a)(1), (b)(1)(B). A motion for stay pending appeal "may be made either before or after the notice of appeal is filed." Fed. R. Bankr. P. 8007(a)(2).[11] In determining whether to stay an order pending appeal, the court considers:

> (1) whether the stay applicant has made a strong showing that it is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

*In re Revel AC, Inc.*, 802 F.3d 558, 568 (3d Cir. 2015) (citing *Hilton v. Braunskill,* 481 U.S. 770, 776 (1987)). The court considers the strength of all the factors and balances them. *Id.* (citing *Brady v. Nat'l Football League,* 640 F.3d 785, 789 (8th Cir. 2011)). The most critical factors, however, "are the first two: whether the stay movant has demonstrated (1) a strong showing of the likelihood of success and (2) that it will suffer irreparable harm—the latter referring to harm that cannot be prevented or fully rectified" by a successful appeal." *In re Revel AC*, 802 F.3d at 568 (internal quotation omitted).

Regarding likeliness of success, though the court's position on section 522(h) is the majority position, *see* 5 *Collier on Bankruptcy*, ¶ 544.07[3] (Matthew Bender 2023), there is a minority position that the district court might favor. More importantly, it agrees with Mr. Wright that if the stay is not imposed, Trystone could dispose of the property, impairing Mr. Wright's ability to recover it should an appellate court reverse the court's decision, causing irreparable harm. Contrary to Trystone's assertion, Doc. No. 68, p. 6, there would be little delay because the court has already decided that the transfer could be avoided: all that would change if reversed on appeal would be what Mr. Wright is entitled to recover. Both parties in their briefs on section 550, even if just arguably, addressed what Mr. Wright could recover. Neither parties' argument appeared to require additional discovery.

Trystone also is not substantially injured by the delay because the parties negotiated in a court Order in January 2022 that Mr. Wright would pay all postpetition taxes, utility, and water and sewer payments, upon pain of stay relief, as well as maintain the property. Doc. No. 49, ¶¶ 4– 6 in the Main Case (the "Adequate Protection Order"). In addition, the trustee is paying Trystone

---

[11] Therefore, the request is not "premature," as Trystone asserted. Doc. No. 68, p. 9.

adequate protection—essentially rent—from Mr. Wright's trustee payments, pending the resolution of this adversary proceeding, which shall be nonrefundable if Mr. Wright does not prevail. *Id.*, ¶¶ 1–3, 9. To minimize any harm to Trystone, the court will condition the stay pending appeal on continued strict compliance with the Adequate Protection Order. This relief, as opposed to Mr. Wright losing his home absent a stay, favors Mr. Wright. Finally, the public interest lies in determining whether chapter 13 debtors can themselves reverse tax sale foreclosures to regain their homes through bankruptcy for the benefit of the entire estate. Trystone's arguments to the contrary are unpersuasive.

Accordingly, the court will issue a stay pending appeal assuming an appeal is timely filed and consequently, Trystone's Motion for Relief from Stay re: 344 Velde Avenue, Pennsauken, NJ in the Main Case, (Doc. No. 57), shall be held in abeyance until a timely appeal is decided or until there is a default under the Adequate Protection Order, and proper application has been made to the court.

## CONCLUSION

The court denies Mr. Wright's Motion for Reconsideration except to the extent that he requested a stay pending appeal.

The court reserves the right to revise its findings of fact and conclusions of law.

An appropriate judgment has been entered consistent with this decision.

<u>/s/ Andrew B. Altenburg, Jr.</u>
United States Bankruptcy Judge

Dated: May 18, 2023